[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before this court is plaintiffs motion to strike defendant's counterclaim. The motion should be granted.
On December 11, 1997, Yale New Haven Hospital, Inc., the CT Page 1931 plaintiff, filed a one count complaint against Thomas DeMatteo, the defendant. The plaintiff alleges that it rendered medical services to DeMatteo with the expectation of payment, but that the defendant "failed, refused and/or neglected to pay." (Complaint ¶¶ 1, 3 4.) The plaintiff further alleges that it is owed $4,292.25 for the medical services it rendered to the defendant, as well as the costs of bringing suit and statutory interest. (Complaint ¶ 2.)
On February 5, 1998, DeMatteo filed an answer four special defenses and one counterclaim containing two counts. The first count of the counterclaim alleges that the plaintiff, in order to collect the debt, employed an "abusive, deceptive and harassing practice" in violation of General Statutes § 36a-646, the Creditors Collection Practices Act ("CCPA").[1] In the second count of the counterclaim, the defendant alleges that the plaintiffs behavior in collecting the debt also constituted an "unfair, unscrupulous and deceptive business practice" in violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act ("CUTPA").[2]
On February 19, 1998, the plaintiff filed a motion to strike both counts of the defendant's counterclaim.[3] The plaintiff moves to strike the first and second counts of the counterclaim on the ground that the facts provable under the allegations do not state a viable cause of action in Connecticut. (Motion to Strike, p. 1.) The defendant opposes the plaintiffs motion, arguing that he has pleaded legally sufficient facts in counts one and two to state claims for which relief may be granted.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [a counterclaim] to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the [counterclaim]. The court must construe the facts in the [counterclaim] most favorably to the [defendant]." (Internal quotation marks omitted.) Waters v.Autuori 236 Conn. 820, 825. "If facts provable in the [counterclaim] would support a cause of action, the motion to strike must be denied." Id., 826.
 Count One — Violation of the CCPA
The plaintiff argues that the first count, which alleges a CT Page 1932 violation of the CCPA, should be stricken because the CCPA does not provide for a private cause of action. In opposition to the motion to strike, the defendant argues that there is a private cause of action under the CCPA pursuant to a recent Superior Court decision, by implication in a Connecticut Supreme Court decision, and from the statutory language of the CCPA.
The issue as to whether there exists a private cause of action pursuant to the CCPA has never been expressly addressed by the Connecticut Supreme Court. See Gaynor v. Union Trust Co.,216 Conn. 458, 482. No cases were uncovered which hold that there is a private cause of action under the CCPA.[4] There is, however, one Superior Court case which has explicitly held that there is no private cause of action under the CCPA. Connecticut NationalBank v. Montanari, Superior Court, judicial district of Haryford-New Britain at Hartford, Docket NO. 517808, 11 CONN. L. RPTR. 10 (January 26, 1994, Aurigemma, J.).[5]
In Connecticut National Bank v. Montanari, Judge Aurigemma presented the following analysis of the issue as to whether the CCPA provides for a private cause of action. "The [CCPA] does not explicitly provide the debtor with a private right of action. The legislative history of the [CCPA] indicates that the legislature rejected the inclusion of a private remedy in the [CCPA]. The three sections of the [CCPA] originated as Sections 1, 2, and 3 of P.A. 77-418. Early drafts of the bill included a Section 4, which provided for a private cause of action. Section 4 was removed for the reasons described by Senator Dinielli on the Senate floor: [T]he amendment removes section 4 which authorized the recovery of damages by the consumer for violations of the [CCPA]. It was felt that at the present time, the Commissioner, the Bank Commissioner, has enough powers to enforce the law and it would not be necessary for direct action by the consumer. Based on the foregoing, it appears that no private cause of action exists under the [CCPA]." Connecticut National Bank v.Montanari, supra, Superior Court, Docket NO. 517808. This court agrees with Judge Aurigemma's analysis of the issue in Montanari.
This court finds that the CCPA does not provide for a private cause of action; the motion to strike is granted as to the first count for failure to state a claim upon which relief can be granted.
 Count Two — CUTPA Claim Based on a Violation of the CCPA CT Page 1933
The plaintiff argues that the second count, which alleges a CUTPA violation based upon a violation of the CCPA, should be stricken because the defendant has failed to set forth allegations sufficient to satisfy any one of the three prongs of the "cigarette rule." In opposition to the motion to strike, the defendant argues that the second count is legally and factually sufficient to support a cause of action for a CUTPA claim based upon a violation of the CCPA.
"It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or other-wise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons] . . . All three criteria [of the cigarette rule] do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 43. Under the first prong, a violation of CUTPA may be established by showing a practice which amounts to a violation of public policy as evidenced by a statute. See id. The defendant has attempted to state a CUTPA claim under the first prong based upon a violation of public policy as established by the CCPA. (Counterclaim, Second Count, ¶¶ 6 7.)
Under the Second Count, the defendant incorporates the allegations of the first count, which has now been stricken. The defendant was taken by ambulance to the plaintiffs hospital where, knowing he did not have health insurance, the plaintiff provided the defendant with excessive, unauthorized and unwanted medical treatment. (Counterclaim, Second Count, ¶¶ 1 5.) "The plaintiff then never sent the defendant an accounting as to what it did or why it charged him such excessive fees." (Counterclaim, Second Count. ¶ 2.) The defendant and his agents made legitimate inquiries to the plaintiff regarding the CT Page 1934 hospital bill and the unauthorized treatment. (Counterclaim, Second Count, ¶¶ 2 5.) The plaintiff refused to respond to these concerns, and failed to take any corrective action regarding the bill. (Counterclaim, Second Count, ¶¶ 2, 5 6.) Rather, the plaintiff "simply sued [the defendant] since he had no insurance." (Counterclaim, Second Count, ¶ 2.)
The defendant has not alleged, under the Second Count, sufficient facts to state a cause of action for a CUTPA violation. The motion to strike the second count is granted.
FRACASSE, J.